[No. 29835. *En Banc.* May 2, 1947.]

THE STATE OF WASHINGTON, *Respondent,* v. SYDNEY BRUNN, *Appellant.[1]*

*Henry Clay Agnew* and *John J. Sullivan,* for appellant.
*Lloyd Shorett* and *Max R. Nicolai,* for respondent.

*The Attorney General, Shirley R. Marsh, Assistant, Chavelle & Chavelle, Cornelius C. Chavelle, Bogle, Bogle & Gates, Ray Dumett, Don Cary Smith, James M. Ballard, Richard S. Munter, H. E. T. Herman,* and *Tanner, Garvin & Ashley, amici curiae.*

PER CURIAM.—On May 17, 1945, the prosecuting attorney for King county filed an information charging the defendant therein with the crime of illegal possession of slot machines, as follows:

"He, the said SYDNEY BRUNN, in the County of King, State of Washington, on or about the 23rd day of August, 1943, or the 24th day of August, 1943, wilfully, unlawfully and feloniously did have in his possession five slot machines of a kind commonly used for gambling, located at 321 Yesler Way, in the City of Seattle, said county and state."

Defendant demurred to the information, asserting, first, that there was no constitutional statute defining the offense charged, and second, that the facts stated in the information did not constitute a crime. Prior to argument on the demurrer, he entered a plea of not guilty.

The cause was tried before a jury. At the conclusion of the state's evidence, defendant moved for a directed verdict, for the reasons given for demurrer, and for the additional reason that the evidence was not sufficient to sustain the charge. At the same time, he rested his case on the evidence produced by the prosecuting attorney.

The trial court denied defendant's motion for a directed verdict and overruled his demurrer to the information. The case was submitted to the jury, and it returned a verdict of guilty.

After denying defendant's further motions for a new trial and in arrest of judgment, the trial court entered judgment, sentencing the defendant to ten years' confinement in the state penitentiary. The defendant appealed to this court.

The facts pertaining to the case are not in dispute. Appellant, Sydney Brunn, conducted a bail bond business in the city of Seattle, having his office at 321 Yesler Way. The premises occupied by him consisted of a front office, and, in the rear thereof, a smaller room. The two rooms were separated by a partition in which was a connecting door.

On August 24, 1943, a group of city police officers and state liquor inspectors, bearing proper search warrants, entered appellant's place of business and made a search of the premises. Appellant was at the time in Vancouver, British Columbia. In the rear room, the officers found, behind a screen, five slot machines, which they seized, retained, and subsequently presented at the trial. Three of the machines were identified and admitted in evidence. During the trial, these machines were demonstrated before the jury, and it appeared that they were of the sort customarily used as gambling devices.

It was conceded by the prosecuting attorney that the rear room in which the machines were found was not a "public place."

The statute under which Brunn was convicted is § 1, chapter 119, p. 468, Laws of 1937 (Rem. Rev. Stat. (Sup.), § 2472-1 [P.P.C. § 118-209]), which declares that any person who shall bring into this state, buy, sell, lease, deal in,

". . . have in his possession, acquire for the use in or keep in any building or boat or part thereof owned, leased, or occupied by him as a public place as defined [in the Liquor Act], as distinguished from 'club' as defined therein, . . ."

any slot machine of a kind commonly used for gambling, shall be guilty of a felony.

Section 2 of the act, while not relevant to the crime with which Brunn was charged, is relevant to the constitutionality of chapter 119. It provides, indirectly, for immunity from prosecution for ownership or maintenance of slot machines, under § 1, of clubs organized for fraternal, benevolent, educational, athletic, or social purposes, and not for pecuniary gain.

In his brief, the appellant submitted that the trial court erred, among other things, in denying the challenge to the sufficiency of the evidence and in holding chapter 119 constitutional, as applied to him.

The state, in its answering brief, presented argument in support of the conviction and in rebuttal to these assignments of error. The attorney general filed a brief as *amicus curiae,* upholding the con-

stitutionality of chapter 119 in all respects. Various other attorneys, appearing as *amici curiae*, and representing Washington State Aerie of the Fraternal Order of Eagles, Washington State Elks' Association, Northwest Association of the Loyal Order of Moose, Spokane Post No. 9, American Legion, and Lieutenant James M. Eagleson Post No. 1416, Veterans of Foreign Wars, respectively, filed elaborate briefs in defense of the constitutionality of that act, and in assertion of the right of those organizations to maintain and operate slot machines thereunder. On the other hand, Messrs. Tanner, Garvin and Ashley, attorneys at law, filed a brief, as *amici curiae*, contending that chapter 119 is unconstitutional, particularly because it permits the exemption of nonprofit clubs from the penalty provided in § 1.

Thus, the case presented not only the question whether appellant's conviction should be sustained, but also the larger question whether, under chapter 119, slot machines might be at all maintained and operated by organizations such as those represented by *amici curiae*.

Eight judges of this court functioned in this case, one member of the court being disqualified to participate in its decision. In the course of deliberation, four extensive opinions were prepared and considered, but no majority of the judges could agree upon a ground for decision.

Four of the judges concluded that chapter 119, Laws of 1937, was constitutional, but that the appellant was not properly convicted thereunder, since his offense amounted to no more than the keeping of slot machines in other than a public place, an act not amounting to a crime within the terms of the statute. Consequently, they decided that the judgment should be reversed, and the information dismissed.

The other four judges concluded that chapter 119 was unconstitutional, either because it violated Art. I, § 12, of our state constitution, guaranteeing equal privileges and immunities, or because it violated Art. II, § 24, of that constitution, forbidding the legislature to authorize any lottery. For one or both of these reasons, these judges likewise decided that the conviction ought not to be sustained.

The result is that, while the court is agreed that the judgment should be reversed, there is no agreement upon the reason for the result. In these circumstances, decision of the questions arising in this case relevant to the constitutionality and interpretation of chapter 119, Laws of 1937, must await their presentation in some future case upon which the entire court can function.

Accordingly, the judgment is reversed, with direction that the information be dismissed.